[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed this appeal from the denial of a special exception for the creation of two rear lots as part of an eight lot subdivision. The defendant had approved only seven lots and denied the application for two rear lots.
The plaintiff is the owner of a thirty three acre parcel of real property located on Amity road in the town of Bethany. The plaintiff applied to the defendant for approval of an eight lot subdivision, and further applied for a special exception to permit two rear lots as part of the subdivision. The property is located in an R-65.000 district which permits single family homes on lots no less than 65.000 square feet. Public hearings were held and on May 12, 1999 the defendant granted the subdivision application for seven lots and approved plaintiff's special exception application with the condition that only one rear lot would be permitted. The defendant made the following findings with regard to the special exception application.
1. Only an extremely small buildable area remains on Lot 8 after the required zoning setbacks and wetlands buffer zones are eliminated from the total lot area.
2. There is insufficient area to adequately accommodate accessory buildings and uses that customarily accompany residences such as are CT Page 8813 proposed by the applicant. Approval of Lot 8 would thereby invite and encourage encroachment into the restricted areas; and
3. The location of the rear lots is adjacent to sensitive wetland areas and the Bethany Bog which is owned and preserved by Yale University as an ecologically rare and valuable natural resource. That location implicates Chapter 2, Section 1, "Land Use Programs" of the Bethany Plan of Development which calls for the adoption of the recommendations of the "Report for the Blue Ribbon Commission on Housing on the Land Required to Support Residential Development in Connecticut", prepared by the Department of Environmental Protection, Water Compliance Unit, May 1989, which recommendations include requiring a minimum of 2 acres of buildable area (that is, land exclusive of wetlands) when development is proposed within public water supply watershed areas as necessary to adequately accommodate on site waste disposal systems.
The plaintiff contends the defendant acted illegally, arbitrarily and in abuse of its discretion in depriving it of due process rights in failing to inform the plaintiff of its concerns and in failing to provide it with a reasonable opportunity for rebuttal. It is also the plaintiff's claim the defendant failed to base its decision upon "substantial evidence" as required by law.
The conclusion reached by the defendant in condition number 1 that "only an extremely small buildable area remains on Lot 8 after the required zoning setbacks and wetland buffer zones are eliminated from the total lot area" does not appear to be supported by the record. An examination of the subdivision map discloses that the available building area on Lot 8 is larger than lots 1 and 5 which were approved by the defendant. The zoning regulations require only 65.000 square feet for the construction of a single family home, and the record discloses that requirement is met by Lot 8. A review of the Zoning Regulations R 217, and the Subdivision Regulation R 218, does not support the conclusion that only a small build able area remains. These regulations do not provide for reduction of the lot by zoning setbacks and wetland buffer zones to determine the available building area on a subdivision lot.
The defendant also found as a reason for denying approval of Lot 8 that "there is insufficient area to adequately accommodate accessory buildings and uses that customarily accompany residences such as are proposed by the applicant. Approval of Lot 8 would thereby invite and encourage encroachment into the restricted area." This conclusion imposes upon the plaintiff a higher standard than the zoning regulations require. There is no claim in the record of the need for any accessory buildings or uses, and if such a need were to occur in the future, the zoning board of appeals would have to determine its permissibility. Land Use Law andCT Page 8814Practice; Fuller Section 4.19. The zoning regulations and the application for a permit for any future accessory buildings or encroachment into a restricted area can be controlled by the enforcement powers of the zoning regulations.
As to the findings in number 3 the plaintiff argues that the defendant relied upon documents which were never part of the record, and the plaintiff was never advised of its intent to rely upon those documents. As a result the plaintiff contends it was never afforded an opportunity to address the documents, and therefore it was a denial of the plaintiff's due process rights. When a Commission relies on its own knowledge and experience and disregards expert testimony it must also provide a timely opportunity for rebuttal Feinson v. Conservation Commission of the Town ofNewton, 180 Conn. 421. The only concern of the Commission is to determine whether the proposed use satisfies the standards set forth in the regulations and statutes. Kaufman v. Zoning Commission, 232 Conn. 122,150.
The record indicates the plaintiff met the standards required in the special permit regulations. Also other lots in the subdivision were adjacent to sensitive wetland areas, and they were not subjected to the same condition imposed on Lot 8.
A review of the record in this matter fails to support the reasons given by the defendant, and therefore there is an absence of substantial evidence to sustain the reasons given by the defendant. Huck v. InlandWetlands, 203 Conn. 525, 539, 540.
For the forgoing reasons this court finds the plaintiff is aggrieved and the defendant acted illegally, arbitrarily and in abuse of its discretion. The appeal is sustained and the defendant is directed to grant the application for a special exception to permit the two rear lots as part of the subdivision.
 Howard F. Zoarski Judge Trial Referee